UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| NOEMI VILLAFANE, | : | |
| Plaintiff | : | CIVIL CASE NO. |
| | : | 3:17-CV-1256(JCH) |
| v. | : | |
| | : | |
| KRA CORPORATION, | : | ARPIL 22, 2019 |
| Defendant. | : | |

**RULING ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (DOC. NO 32)**

The plaintiff, Noemi Villafane ("Villafane"), originally commenced this action in the Connecticut Superior Court for the Judicial District of Hartford. See Notice of Removal (Doc. No. 1). The defendant, KRA Corporation ("KRA"), removed the action to this court, pursuant to section 1446 of title 28 of the United States Code. See id. Before this court is KRA's unopposed Motion for Summary Judgment ("MSJ") (Doc. No. 32).[1]

For the reasons stated below, KRA's Motion for Summary Judgment (Doc. No. 32) is granted.

**I.  STANDARD OF REVIEW**

Where, as here, the court is presented with an unopposed Motion for Summary Judgment, a judgment of default is not appropriate. See Jackson v. Fed. Exp., 766 F.3d 189, 194 (2d Cir. 2014). Instead, "[b]efore summary judgment may be entered, the district court must ensure that each statement of material fact is supported by record evidence sufficient to satisfy the movant's burden of production even if the statement is unopposed." Id. (citing Vermont Teddy Bear Co. v. 1–800 Beargram Co., 373 F.3d 241,

---

[1] Villafane, who is represented by counsel, requested an extension of time to file a response to the Motion for Summary Judgment. See Motion for Extension of Time (Doc. No. 35). The court granted that Motion, with a response due by November 3, 2018. See Order (Doc. No. 36). Villafane has not filed a response to the Motion.

1

244 (2d Cir. 2004). A district court must therefore determine whether the moving party has met its burden of demonstrating that no material issue of fact remains for trial, and that the evidence in the record supports the moving party's unopposed assertion. Id.

## II. FACTS

For the purposes of this Ruling, the undisputed, well-supported factual allegations set forth in KRA's Local Rule 56a(1) Statement of Undisputed Facts ("SOF") (Doc. No. 34) are deemed admitted. See Jackson, 766 F.3d at 194; Fed. R. Civ. P. 56(e) ("If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact . . . the court may . . . consider the fact undisputed for purposes of the motion."); D. Conn. L. Civ. R. 56(a)(3) ("Failure to provide specific citations to evidence in the record as required by this Local Rule may result in the Court deeming admitted certain facts that are supported by the evidence.").

## III. DISCUSSION

Count One of Villafane's Complaint alleges that KRA discriminated against Villafane on the basis of her national origin or ethnicity, in violation of section 46a-60(a)(1) of the Connecticut General Statutes. See Notice Of Removal, Exhibit A (Doc. No. 1-1) at 5. Count Two alleges that KRA retaliated against Villafane for opposing unlawful discrimination in violation of section 46a-60(a)(4) of the Connecticut General Statutes. Id. at 5–6.

Upon review of the undisputed facts, which are supported by admissible evidence, the court finds that, even assuming Villafane could establish a prima facie case of discrimination, she failed to rebut KRA's articulation of a nondiscriminatory basis for the alleged adverse employment decision. KRA argued that Villafane was

2

terminated not because of her national origin or ethnicity, but rather because she failed to comply with policies requiring her to report the presence of a firearm in the workplace. See KRA Memorandum in Support of Motion for Summary Judgment ("Mem. in Supp.") (Doc. No. 33) at 15–16.[2] Villafane provided no evidence demonstrating that this nondiscriminatory basis for her termination was pretextual. Therefore, there is no genuine issue of material fact as to whether KRA discriminated against Villafane on the basis of her national origin or ethnicity.

The undisputed evidence further establishes that no genuine issue of material fact exists as to whether Villafane's reports of allegedly discriminatory statements made by a coworker were a motivating factor in her termination. Indeed, the evidence establishes that Villafane's reports were taken seriously by her supervisors, who stated that the comments by her coworker were unacceptable and needed to stop. See SOF ¶ 40. Villafane therefore failed to state a prima facie case of retaliation. See Mem. in Supp. at 21. Moreover, Villafane provided no evidence to rebut the nonretaliatory reason for her termination by KRA. Therefore, no genuine issue of material fact exists as to whether KRA retaliated against Villafane in violation of Connecticut law.

---

[2] KRA cited to State of Connecticut Executive Order Number 16 to support its assertion that firearms are prohibited on state property, including DOL facilities. See Mem. in Supp. at 3. The Order, titled the Violence in the Workplace Prevention Policy, prohibited state employees or contractors from bringing weapons into state workplaces. See Exhibit D (Doc. No. 34-1) at 61. The Order did not indicate any requirement to report the possession of a firearm by a member of the public. However, Villafane admitted in her deposition that she was aware, prior to the incident in question, of "a policy about immediate notification to supervisors if you become aware of someone with a firearm." Deposition of Noemi Villafane, Exhibit B (Doc. No. 34-1) at 44; see also Mem. in Supp. at 16. Villafane's undisputed admission that she knew of a broader workplace policy requiring her to inform supervisors if she saw someone in possession of a firearm supports KRA's proffered nondiscriminatory reason for her termination.

## IV. CONCLUSION

For the foregoing reasons, KRA's Motion for Summary Judgment (Doc. No. 32) is **GRANTED.** The Clerk is ordered to close this case.

**SO ORDERED.**

Dated at New Haven, Connecticut this 22nd day of April 2019.

/s/ Janet C. Hall
Janet C. Hall
United States District Judge